UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

                                           Chapter 7

Robert J. Trunco, Sr.
and Roberta M. Trunco,                          Case No.: 8-09-70373-ast

                               Debtor.
----------------------------------------------------------------X

# ORDER GRANTING DEBTOR'S MOTION TO COMPEL
# ABANDONMENT OF CHAPTER 7 TRUSTEE'S INTEREST
# IN CERTAIN PROPERTY OF DEBTOR'S BANKRUPTCY ESTATE

On January 22, 2009, Robert J. Trunco, Sr. and Roberta M. Trunco ("Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code [Dkt. No. 1].

On May 17, 2009, the Chapter 7 trustee, Andrew M. Thaler ("Trustee"), filed a Report of No Distribution.

On July 22, 2009, the Court entered an Order Discharging Debtors and a Final Decree [Dkt. No. 16]. The Debtors bankruptcy case was subsequently closed on the same day.

On May 16, 2023, Debtors, through counsel, filed a Motion to Reopen Chapter 7 Case ("Motion to Reopen") to add a tort action ("Lawsuit") in which one of the debtors, Robert J. Trunco Sr. ("Robert"), was a plaintiff [Dkt. No. 18]. In the Motion to Reopen, Debtors alleged that in 1966, Robert was the victim of child sexual abuse injuries and Debtors wished to reopen their case so that they could amend their schedules and take any appropriate exemption (the "Abuse Claim").

On June 14, 2023, Debtors filed a Certificate of No Objection with regards to the Motion to Reopen [Dkt. No. 19]. Subsequently, on August 4, 2023, the Court entered an Order reopening

Debtors' Chapter 7 case [Dkt. No. 20]. On August 8, 2023, the Trustee was re-appointed as the Debtors Chapter 7 trustee [Dkt. No. 22].

On August 9, 2023, Debtors amended their Schedules B and C to add the Lawsuit and to claim a personal property exemption in the amount of $10,000 [Dkt. No. 23]. The Trustee did not object to the amended exemption claim.

On September 5, 2025, Debtors filed a Motion to Compel Abandonment of the Trustee's Interest of the Estate of the Debtor with regards to the Lawsuit ("Motion to Compel") [Dkt. No. 33]. In the Motion to Compel, Debtors argued that the Lawsuit should not be considered property of the estate under 11 U.S.C. § 541, even though the underlying conduct involving the Lawsuit took place pre-petition because the only reason Robert was able to bring the Lawsuit was due to a post-petition change in the law, specifically, the enactment of the Child Victims Act ("CVA") in 2019 by New York State.

On October 2, 2025, the Trustee filed an objection to the Motion to Compel ("Objection") arguing that the Lawsuit should be considered property of the estate under § 541 [Dkt. No. 34].

The facts and arguments outlined by Debtors and the Trustee are similar to issues this Court has addressed in In re *Maeder*, No. 8-12-73429, 2025 WL 3298322, at *1 (Bankr. E.D.N.Y. Nov. 26, 2025) ("Maeder Opinion"). In the Maeder Opinion, this Court addressed the value to the bankruptcy estate of a claim such as the Debtor's here, where a post-petition change in non-bankruptcy law revived a claim which had clearly been time barred as of the petition date but could be filed within a certain period of time after enactment of the revival statute and thereby not barred by the statute of limitations.

On November 18, 2025, prior to the issuance of the Maeder Opinion, a hearing was held on the Motion to Compel and the Objection ("Hearing"). At the Hearing, the Court notified the

Case 8-09-70373-ast    Doc 41    Filed 12/05/25    Entered 12/05/25 16:32:01

Debtors and the Trustee that the Debtor's Motion to Compel would be granted for the reasons to be elucidated in the Maeder Opinion. Here, because Debtors amended their Schedules B and C to add the Lawsuit and to claim an exemption in the amount of $10,000, and because the value of the Abuse Claim at the Petition Date was $0, the Abuse Claim, the Lawsuit and any proceeds thereof are fully exempt.

Based on the reasoning explained within the Maeder Opinion, it is hereby

**ORDERED**, that the Debtor's Motion to Compel is granted; and it is further

**ORDERED**, that the estate's interest in the Lawsuit is deemed abandoned; and it is further

**ORDERED**, that the Clerk of Court notify all interested parties of this Order within five (5) business days of entry thereof.



Dated: December 5, 2025
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge